IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, for the use and benefit of TRUSTEES OF THE SOUTHERN ALASKA CARPENTERS HEALTH AND SECURITY, RETIREMENT, DEFINED CONTRIBUTION PENSION and SOUTHCENTRAL AND SOUTHEASTERN ALASKA CARPENTERS APPRENTICESHIP AND TRAINING TRUST FUNDS,<br><br>        Plaintiffs,<br><br>vs.<br><br>AURORA REFRIGERATION, INC., and WASHINGTON INTERNATIONAL INSURANCE COMPANY Bond No. S9011709,<br><br>        Defendants. | Case No. 3:06-CV-_____<br><br>**PLAINTIFFS' COMPLAINT** |

COME NOW plaintiffs, by and through their attorneys, JERMAIN, DUNNAGAN & OWENS, P.C., and for their cause of action against the defendants, complain and allege as follows:

I.

INTRODUCTION

1. **Cause of Action.** This action arises under §§ 502(e)(1) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(e)(1) and 1145, hereinafter referred to as "ERISA."

II.

## THE PARTIES

2. **Plaintiffs.**  Plaintiffs are the management and labor trustees of the Southern Alaska Carpenters Health and Security, Retirement, Defined Contribution Pension and Southcentral and Southeastern Alaska Carpenters Apprenticeship and Training Trust Funds ("Trust Funds").

3. **Standing.**  The plaintiffs are entitled to bring this suit pursuant to § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1), in their capacity as both Trustees and fiduciaries of the above-captioned Trust Funds, as those terms are defined at § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. **Defendant.**  Aurora Refrigeration, Inc. is an Alaskan Corporation, and did business in the State of Alaska at the time of the events set forth in this complaint.

5. **Defendant**.  Washington International Insurance Company, upon information and belief, is a bonding company authorized to conduct business as a surety within the State of Alaska and has issued Bond No. S9011709 in favor of Aurora Refrigeration, Inc.

6. At all times relevant to this suit, Defendant Aurora Refrigeration, Inc. was an "employer" as that term is defined at § 3(5) of ERISA, 29 U.S.C. § 1002(5).

III.

## FIRST CAUSE OF ACTION

7. For its First Cause of Action, plaintiffs incorporate by reference each of the allegations set forth in paragraphs 1 through 6 of this Complaint.

8. Aurora Refrigeration, Inc. executed a Compliance Agreement with the

Carpenters Local No. 1281 (attached hereto as Exhibit 1).

9. The Compliance Agreement specifically incorporates all terms and conditions of the Collective Bargaining Agreement ("CBA") between Associated General Contractors of Alaska and Carpenters Local No. 1281 ("the Union") as that term is referenced in §515 of ERISA, 29 U.S.C. §1145.

10. The CBA requires compliance with the terms of Trust Agreements pertaining to Retirement, Pension, Health and Security, and Apprenticeship and Training benefits. Specifically, the trust fund obligations provision of the CBA holds Aurora Refrigeration, Inc. responsible for all contributions to the Southern Alaska Carpenters Retirement Fund, Defined Contribution Pension Fund, Health and Security Fund, and Apprenticeship and Training Fund, and any other applicable trust fund as specified in the CBA. The agreements of the respective trusts are writings that comply in all respects with the requirements of § 302 of the LMRA, 29 U.S.C. § 186(c)(5).

11. The Agreements required defendant Aurora Refrigeration, Inc. to report all hours worked by all covered employees and to make monetary contributions to the retirement accounts of the individuals covered, and to the health and security, and apprenticeship and training funds as set forth in the CBA and the Agreements.

12. Aurora Refrigeration, Inc. employed persons within the trade and territorial jurisdiction of the CBA and the Agreements, and thereby became obligated to submit timely reports and remit those benefit contributions required by said Agreements to the Trust Funds on a monthly basis.

13. The Agreements and § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g) required

defendant Aurora Refrigeration, Inc. to pay: all costs incurred in conducting an audit of defendant's payroll records, if any; liquidated damages for failure to make reports and tender contributions in accordance with the terms of the Agreements; interest; reasonable attorney fees; and those costs incurred where defendant has failed to fully comply with the CBA and the Agreements.

14. Plaintiff trustees have fully performed all necessary obligations and duties under said Agreements.

15. Defendant Aurora Refrigeration, Inc. has breached the CBA and the Agreements in the following respects:

  a. By failing to submit in a timely manner the reports of all hours worked by covered employees from August 2005 through November 2005.

  b. By failing and refusing to pay in a timely manner complete fringe benefit contributions owing to the Southern Alaska Carpenters Health and Security, Retirement, Defined Contribution Pension and Southcentral and Southeastern Alaska Carpenters Apprenticeship and Training Trust Funds commencing in or before August 2005, and continuing through the present, in an amount to be proven at trial.

  c. By failing to pay interest owing to the Southern Alaska Carpenters Health and Security, Retirement, Defined Contribution Pension Trust Funds at the contract rate of 12% per annum from the date the contributions were due until judgment, and attorney fees as prescribed by the Agreements; and

  d. By failing to pay liquidated damages owing to the Southern Alaska Carpenters Health and Security, Retirement, Defined Contribution Pension at the

contract rate of 20% of the delinquent payments and to the Southcentral and Southeastern Alaska Carpenters Apprenticeship and Training Trust Funds at the contract rate of 5% of the delinquent payment, in an amount to be proven at trial.

IV.

SECOND CAUSE OF ACTION

16. For its Second Cause of Action, plaintiffs incorporate by reference each of the allegations set forth in paragraphs 1 through 15 of this Complaint.

17. Defendant Washington International Insurance Company bound itself in the sum of $10,000.00, Bond No. S9011709 to assure payment of claims made by all persons supplying labor and materials in the prosecution of the work provided under the Compliance Agreement.

18. By reason of the failure of defendant Aurora Refrigeration, Inc. to pay plaintiffs the amount owed for delinquent trust fund contributions, plaintiffs have a claim upon Bond No. S9011709 with Washington International Insurance Company pursuant to AS 08.18.071 and 08.18.081.

V.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against the defendants as follows:

1. That this Court enter a judgment awarding plaintiffs all delinquent contributions due and owing as proven at trial plus interest at the contract rate of 12 percent per annum, the costs of an audit of Aurora Refrigeration, Inc.'s records, liquidated damages, and attorney's fees and costs in accordance with the terms of the trust agreements.

  2. That this Court enter a judgment for plaintiffs against Bond No. S9011709 with Washington International Insurance Company.

  3. For such other and further relief as the Court deems just and equitable in the premises.

  DATED this 13th day of April, 2006.

      JERMAIN, DUNNAGAN & OWENS, P.C.
      Attorneys for Plaintiffs


      By: s/Sarah E. Josephson
        Sarah E. Josephson
        Jermain, Dunnagan & Owens
        3000 A Street, Suite 300
        Anchorage, AK  99503
        (907) 563-8844
        (907) 563-7322
        sjosephson@jdolaw.com
        ABA No. 9705017