Sarah E. Josephson, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
(907) 563-8844

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, for the use and benefit of TRUSTEES OF THE SOUTHERN ALASKA CARPENTERS HEALTH AND SECURITY, RETIREMENT, DEFINED CONTRIBUTION PENSION and SOUTHCENTRAL AND SOUTHEASTERN ALASKA CARPENTERS APPRENTICESHIP AND TRAINING TRUST FUNDS,<br><br>             Plaintiffs,<br><br>vs.<br><br>AURORA REFRIGERATION, INC., and WASHINGTON INTERNATIONAL INSURANCE COMPANY Bond No. S9011709,<br><br>             Defendants. | **Case No. 3:06-CV-00084 TMB** |

**<u>MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

The plaintiff trustees of the Southern Alaska Carpenters Health and Security, Retirement, Defined Contribution Pension and Southcentral and Southwestern Alaska Carpenters Apprenticeship and Training Trust Funds hereby move this Court for

{00133486 }

summary judgment against defendants Aurora Refrigeration, Inc. ("Aurora") and Washington International Insurance Company Bond No. S9011709 ("Washington") for past due and unpaid contributions owing to the aforementioned benefit funds resulting from Aurora's employment of Carpenters on the MLP Substation project.

1.  **Statement of Facts.**

On August 29, 2005, Aurora executed a compliance agreement with Carpenters Local 1281 ("Carpenters Compliance Agreement"). A copy of said agreement is attached hereto as **Exhibit 1**. The Carpenters Compliance Agreement incorporated all terms and conditions of the Associated General Contractors of Alaska Multiemployer Group and, by execution of the Compliance Agreement, the parties specifically adopted that agreement as their collective bargaining agreement. A copy of the Collective Bargaining Agreement between Carpenters Unions South of 63º North and Associated General Contractors of Alaska Multiemployer Group effective September 1, 2004 through June 30, 2008 is attached hereto as **Exhibit 2**. The Southern Alaska Carpenters Trust Agreement requires contributions to the Southern Alaska Carpenters Health and Security Fund (**Exhibit 3**), the Southern Alaska Carpenters Retirement Fund (**Exhibit 4**), the Southern Alaska Carpenters Defined Contribution Pension Fund (**Exhibit 5**), and the Southcentral and Southwestern Alaska Carpenters Apprenticeship and Training Trust (**Exhibit 6**). Beginning August 29, 2005 and continuing thereafter, Aurora was required to contribute the following amounts to each of the following Carpenters trusts for each hour worked by covered employees:

|  |  |
|---|---|
| $5.15 | Southern Alaska Carpenters Health and Security |
| $4.40 | Southern Alaska Carpenters Retirement |
| $3.50 | Southern Alaska Carpenters Defined Contribution Pension |
| $ .60 | Apprenticeship and Training Fund |
| $ .10 | CAF |
|  | Dues – 3.85% of Gross |

(**Exhibit 2**.)  Aurora was also required to deduct from the wages of each employee $.05 per hour to go to the Alaska Construction Progress Fund and $.05 per hour to go to the Carpenters Advancement Fund which was to be matched by the employer, for a total of $.15 per hour to be submitted to plaintiff Carpenter Trust Funds in addition to the contributions set out above. *Id.*

During the period fall 2005, Aurora performed work on the MLP Substation project. Exhibit 1. Defendant Washington International Insurance Company was the Miller Act surety on the MLP Substation project, having bound itself in the sum of $10,000.00, Bond No. S9011709 to assure payment of claims made by all persons supplying labor and materials in the prosecution of the work provided under the contract. **Exhibit 7**.

As a result of Aurora's failure to pay contributions as they became due, an audit was performed of Aurora's payroll records on behalf of the Southern Alaska Carpenters Trust Funds for the period August 2005 through December 2005. The resulting audit report demonstrates that Aurora was delinquent in the amount of $3,251.60 on the MLP Substation project for principal contributions owed to the

Carpenters Trust Funds. Interest and liquidated damages on this delinquency total $951.47. Accounting fees total $1,721.65. **Exhibit 8.**

The trustees brought their action against Aurora on April 13, 2006 to recover those unpaid contributions.

### 2. Under ERISA, The trustees Are Entitled To Judgment In Their Favor.

Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") imposes the following upon signatory employers:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Aurora was required to make these contributions under the terms of the compliance, master and the trust agreements. The audit reveals that Aurora owed $4,203.07 to Carpenters in principal, liquidated damages and interest on the MLP Substation. Thus, Aurora's total liability to the trustees for unpaid contributions for employees is $4,203.07, plus accounting fees in the amount of $1,721.65, plus additional accrued interest, costs and attorney fees associated with this litigation. *See* 29 U.S.C. § 1132(g)(2)(D).[1]

---

[1] Trustees shall file an appropriate motion for attorney fees pursuant to Local Rule 54.3.

{00133486 }Memorandum in Support of Motion for Summary Judgment             Page 4 of 6
Case No. 3:06-CV-00084 TMB

### 3. Plaintiffs Are Entitled to Judgment Against Defendant Washington International Insurance Company Pursuant to Alaska Statutes 08.18.071 and 08.18.081.

A.S. 08.18.071 and 08.18.081 entitle claimants who furnish labor to seek payment for amounts unpaid for their work. There is no issue of material fact that Aurora owed contributions for work performed on the MLP Susbstation project. Thus, as a matter of law, defendant Washington International Insurance Company, is liable for unpaid benefit contributions to the plaintiff funds.

A.S. 08.18.071 provides that construction contractors will obtain a surety bond in order to pay all "persons furnishing labor or material." Pursuant to AS 08.18.081, any claims against the bond shall be satisfied from the bond in the order set forth in the statute. Labor, including employee benefits, takes first priority.

### 4. Conclusion.

The amount of contributions, interest and liquidated damages owed to plaintiffs for work performed by Carpenters employed by Aurora on the MLP Substation project totals $4,203.07. Pursuant to AS 36.25.020, defendant Washington International Insurance Company is obligated to pay this sum to plaintiffs and plaintiffs respectfully request judgment in their favor, against Aurora Refrigeration, Inc. and Washington International Insurance Company Bond No. S9011709 in the amount of $4,203.07 in principal, interest and liquidated damages, plus accounting services in the amount of

$1,721.65 for a total due of $5,924.72, plus interest accrued to date, costs and attorney fees incurred in bringing this action.

DATED this 2nd day of February, 2007.

By:   s/Sarah E. Josephson
Sarah E. Josephson
Jermain, Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, AK  99503
(907) 563-8844
(907) 563-7322
sjosephson@jdolaw.com
ABA No. 9705017

**CERTIFICATE OF SERVICE**
I hereby certify that a true and correct
copy of the foregoing was served electronically
this 2nd day of February, 2007, on:

Roy Longacre
Longacre Law Offices, Ltd.
425 G Street, Suite 910
Anchorage, AK 99501


s/Sarah E. Josephson