# TRUST AGREEMENT

## GOVERNING THE

## SOUTHERN ALASKA CARPENTERS DEFINED CONTRIBUTION PENSION TRUST

EXHIBIT 5
Page 1 of 4

SC 234

In the event that another employee pension benefit trust fund is to be merged into the Trust Fund, the Trustees shall have the authority to negotiate and consummate an appropriate merger agreement, and pursuant thereto, to accept a transfer of the remaining monies, assets, and liabilities from the other trust fund.

In the event the Trust Fund is to be merged into another employee pension benefit trust fund, the Trustees shall have the authority to negotiate and consummate an appropriate merger agreement, and pursuant thereto, to terminate the Trust Fund and to transfer the remaining monies, assets, and liabilities to the other trust fund. However, if the signatory parties hereto are other than the Trustees, no merger of the Trust Fund into another trust fund shall be negotiated or consummated without the written approval of the signatory parties.

Any such merger agreement shall comply with the applicable provisions of the Internal Revenue Code, and the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980.

27. Interpretation and Application of Documents

The Trustees shall have the authority to interpret and apply the provisions of this Trust Agreement, or of the benefit plans, or of their own motions, resolutions, and administrative rules and regulations, or of any contracts, instruments, or writings that they may have adopted or entered into.

## ARTICLE IX

## CONTRIBUTIONS AND COLLECTIONS

1. Contribution Reporting Forms

The Trustees shall create and make available, at the expense of the Trust Fund, contribution reporting forms for the use of participating employers in making their contributions.

2. Contribution Due Date

All contributions shall be due by the date specified in the underlying collective bargaining agreement or special agreement. If the underlying collective bargaining agreement or special agreement does not specify a due date, the Trustees shall have the authority to fix such a date.

3. Delinquent Contributions

A participating employer shall be considered to be delinquent in the payment of contributions if he (a) fails to submit a contribution reporting form, and the contributions detailed therein, by the close of business on the due date, or (b) fails to submit contributions on behalf of all the employees for whom contributions are required under the applicable collective bargaining agreement or special agreement, or (c) fails to compute properly the contribu-

SC 262

tions according to the required contribution formula specified in the applicable collective bargaining agreement or special agreement.

The Trustees shall undertake reasonable efforts, at the expense of the Trust Fund, to collect known delinquent contributions and related claims.

### 4. Audit of Employer Books and Records

The Trustees shall have the authority to audit the payroll books and records of a participating employer, either directly or through a qualified public accountant, as they may deem necessary in the administration of the Trust Fund. Such payroll audit may be undertaken pursuant to a routine payroll audit program or on an individual basis.

Whenever a payroll audit is authorized, the participating employer involved shall make available to the Trustees, or the qualified public accountant designated by them, its payroll books and records. Such books and records shall include (a) all records which the employer may be required to maintain under Section 209(a)(1) of the Employee Retirement Income Security Act of 1974, and (b) time cards, payroll journals, payroll check registers, cancelled payroll checks, copies of the employer's federal, state, and local payroll tax reports, and all other documents and reports that reflect the hours and wages, or other compensation, of the employees or from which such can be verified.

In the event the payroll audit discloses that the participating employer has not paid contributions as required by the applicable collective bargaining agreement or special agreement, the employer shall be liable for the costs of the audit. The Trustees shall have the authority, however, to waive all or part of such costs for good cause shown.

### 5. Liquidated Damages and Interest

It is recognized and acknowledged by all parties, including the participating employers, that the prompt and accurate payment of contributions is essential to the maintenance of an employee benefit trust fund and the benefit plans and that it would be extremely dufficult, if not impossible, to fix the actual expense and damage to the Trust Fund that would result from the failure of a participating employer to pay the required contributions within the time provided. Therefore, if any participating employer shall be delinquent in the payment of contributions such employer shall be liable, in addition, for liquidated damages of twenty percent (20%) of the amount of the contributions which are owed or fifty dollars ($50.00), whichever is greater. In addition, the delinquent contributions shall bear interest at the rate of twelve percent (12%) per annum from the due date until they are paid. The Trustees shall have the authority, however, to waive all or part of the liquidated damages or interest for good cause shown.

### 6. Attorney Fees and Court Costs

Further, in the event the Trustees place the account in the hands of legal counsel for collection, the delinquent employer shall be liable for reasonable attorney fees, (with a minimum of $25.00) and for all reasonable costs incurred



EXHIBIT 5
Page 3 of 4

SC 263

in the collection process, including court fees, audit fees, etc. The Trustees shall have the authority, however, to waive all or part of the attorney fees or collection costs for good cause shown.

### 7. Venue of Collection Actions

In the event a collection suit is initiated, venue of such suit may be laid in a court of competent jurisdiction (federal or state) in the county, district, or borough in which the Trust Fund has an office, at the option of the Trustees.

### 8. Protection of Employees in Cases of Delinquency

To protect participating employees and beneficiaries in situations where participating employees may be denied pension credits because their employer is delinquent in the payment of contributions, the Trustees shall have the authority to extend pension credits to such employees in whole or in part as they may determine.

The extension of pension credits shall not, however, release the delinquent employer from the responsibility for payment of the contributions owed.

### 9. Coordination with Provisions in Collective Bargaining Agreements

In the event the applicable collective bargaining agreement contains provisions relating to collections that specify additional remedies, or obligate the delinquent employer to greater amounts of liquidated damages, interest, or attorney fees than those set forth herein, the Trustees, at their option, may pursue the additional remedies or impose the greater charges.

The Trustees shall not be obligated, however, to pursue the collection of delinquent accounts through the grievance-arbitration procedures (if any), provided for in the applicable collective bargaining agreement.

## ARTICLE X

### HEARING AND ARBITRATION PROCEDURES

#### 1. Procedures to be Followed

The Trustees and the participating employees and their beneficiaries shall follow these hearing and arbitration procedures.

The procedures specified in this Article shall be the sole and exclusive procedures available to a participating employee or beneficiary who is dissatisfied with an eligibility determination or benefit award, or who is otherwise adversely affected by any action of the Trustees.

EXHIBIT 5
Page 4 of 4

SC 264