Sarah E. Josephson
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
(907) 563-8844
(907) 563-7322

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, for the use and benefit of TRUSTEES OF THE SOUTHERN ALASKA CARPENTERS HEALTH AND SECURITY, RETIREMENT, DEFINED CONTRIBUTION PENSION and SOUTHCENTRAL AND SOUTHEASTERN ALASKA CARPENTERS APPRENTICESHIP AND TRAINING TRUST FUNDS, <br><br> Plaintiffs, <br><br> vs. <br><br> AURORA REFRIGERATION, INC., and WASHINGTON INTERNATIONAL INSURANCE COMPANY Bond No. S9011709, <br><br> Defendants. | **Case No. 3:06-CV-00084 TMB** |

## SETTLEMENT AGREEMENT AND AGREEMENT NOT TO EXECUTE

This Settlement Agreement and Agreement Not to Execute (hereinafter the "Agreement") is entered into and effective on the date set forth herein, by and between the following parties:

1. Trustees are the management and labor Trustees of the Southern Alaska Carpenters Health and Security, Defined Contribution Pension, Southcentral and Southeastern Carpenters Apprenticeship and Training Trust Funds ("Trust Funds"). The Trustees are entitled to bring an action pursuant to § 502(d)(1) of ERISA, 29 U.SC. § 1132(d)(1), in their

{00153118 }

capacity as both Trustees and fiduciaries of the above-referenced Trust Funds, as those terms are defined at § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Aurora Refrigeration, Inc., does business in the Third Judicial District, State of Alaska.

3. Aurora Refrigeration, Inc., owes the Trust Funds the amounts set forth in the Confession of Judgment Without Action executed concurrently herewith, which represents unpaid benefit contributions from September 2005 through November 2005, plus liquidated damages, interest, attorneys fees and audit fees.

4. Aurora Refrigeration, Inc., hereby agrees to pay to the Trust Funds the sum set forth in the Confession of Judgment Without Action, plus interest at the rate of twelve percent (12%) per annum accrued subsequent to March 30, 2007 on any balance remaining unpaid for contributions owed for the months of September 2005 through November 2005, on the following schedule:

   a. Payment of $675.00 or more shall be paid immediately upon execution of the Confession of Judgment Before Action and Settlement Agreement and Agreement Not To Execute, but not later than June 1, 2007;

   b. Payments of $675.00 or more per month shall continue on the 1st day of each month through April 1, 2008;

   c. Payment of $643.23 shall be made on or before May 1, 2008;

5. In addition to the foregoing, Aurora Refrigeration, Inc., shall submit monthly remittance reports in the form of an excel spreadsheet with payment in a timely manner pursuant to the terms of the Trust Funds.

6. Payments made according to the schedule set out herein above shall be applied first to interest and thereafter to principal.

7. The entire balance shall become immediately due and payable without notice or demand if payment is not received by the Trust Funds within seven days of its due date.

8. So long as Aurora Refrigeration, Inc., meets the payment schedule set forth herein, the Trust Funds shall not execute on any Judgment on Confession. As long as payment are made according to the payment schedule and Aurora Refrigeration, Inc., remains current in the submission of monthly remittance reports and payment, the Trust Funds will waive liquidated damages. In the event, however, that any payment is not received by the Trust Funds within seven days of its due date, the Trustees may take immediate action and execute on the Judgment on Confession. If the Trust Funds are forced to obtain judgment, the Trust Funds may, as provided for in 29 U.S.C. § 1131(g)(2), seek liquidated damages.

9. If Aurora Refrigeration, Inc., fails to meet the payment terms set forth herein, and the Trust Funds must take further legal action to obtain and enforce a judgment, the Trust Funds shall, in addition to the amount set forth herein, be entitled to all costs and actual attorney fees incurred in obtaining and enforcing the judgment.

10. This agreement may be modified, but only by written agreement of the parties.

AURORA REFRIGERATION, INC.

By: _____
Its: __Vice President__

## ACKNOWLEDGMENT

STATE OF ALASKA          )
                         ) ss.
THIRD JUDICIAL DISTRICT  )

The foregoing instrument was acknowledged before me this _18_ day of __May__, 2007, by _Edward Christians_ _Vice-President_ of Aurora Refrigeration, Inc., an Alaska corporation.

_____
Notary Public in and for Alaska
My commission expires: _9-15-2010_

## CONSENT

I, _John Palmatier_, _Co-chairman_, of Southern Alaska Carpenters Health and Security, Defined Contribution Pension and Southcentral and Southeastern Alaska Carpenters Apprenticeship and Training Trust Funds, hereby consent to the foregoing Settlement Agreement.

By: _____
Its: __Co-chairman__

STATE OF ALASKA          )
                         ) ss.
THIRD JUDICIAL DISTRICT  )

THIS IS TO CERTIFY that on this 29th day of May, 2007, personally appeared before me John A. Palmatier, to me known to be the person whose name is subscribed to the within instrument, who stated that he is a trustee of the Southern Alaska Carpenters Trust Funds, and as such is authorized to sign on its behalf, and acknowledged that he executed the same voluntarily and of his own will for the uses and purposes set forth herein.

GIVEN UNDER MY HAND and official seal the day and year last above written.

_Kellee Christenson_
NOTARY PUBLIC in and for Alaska
My commission expires 7/10/08